IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| LABORATOIRES SERONO SA,<br>    Centre Industriel<br>    Coinsins, Vaud<br>    Switzerland 1267,<br><br>    Plaintiff,<br><br>v.<br><br>HON. JOHN J. DOLL,<br>    Under Secretary of Commerce for<br>    Intellectual Property and Director of the<br>    United States Patent and Trademark Office<br>    Office of General Counsel<br>    United States Patent and Trademark Office,<br>    Madison Building East, Rm. 10B20<br>    600 Dulany Street<br>    Alexandria, VA 22313,<br><br>    Defendant. | Civil Action No.: _____ |

## COMPLAINT

Plaintiff Laboratoires Serono SA ("Serono"), for its complaint against the Honorable John J. Doll, states as follows:

### NATURE OF THE ACTION

1. This is an action by the assignee of United States Patent No. 7,419,999 (hereinafter "the '999 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '999 patent be changed from 24 days to 291 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3. Plaintiff Serono is a corporation organized under the laws of Switzerland, having a principal place of business at Centre Industriel, Coinsins, Vaud, Switzerland 1267.

4. Defendant John J. Doll is the Acting Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office (hereinafter "PTO"), acting in his official capacity. The Director is the head of the PTO and is responsible for superintending or performing all duties required by law with respect to the granting and issuing of patents, and is designated by statute as the official responsible for determining the period of patent term adjustments under 35 U.S.C. § 154.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6. Venue is proper in this district court by virtue of 35 U.S.C. § 154(b)(4)(A).

7. This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## BACKGROUND

8. Gian Luca Araldi, Adulla P. Reddy, Zhong Zhao, Sean D. McKenna and Bagno Bao are inventors of the patent application number 10/517,626 (hereinafter "the '626 application") which issued as the '999 patent, entitled "Gamma Lactams as Prostaglandin Agonists and Uses Thereof" on September 2, 2008. The '999 patent is attached hereto as Exhibit A.

9. Plaintiff Serono is the current assignee of the '999 patent, as evidenced by the records in the PTO, and is the real party in interest in the case.

- 3 -

10.     Section 154 of 35 U.S.C. requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b), which set forth a "Guarantee of prompt Patent and Trademark Office responses" and a "Guarantee of no more than 3-year application pendency."

11.     In calculating the patent term adjustment, the Director has to take into account PTO delays under 35 U.S.C. § 154(b)(1)(A) and (B), any overlapping periods in the PTO delays under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

12.     On September 2, 2008, the '999 patent issued with a patent term adjustment of 24 days listed on the face of the patent (*See* Ex. A at 1).

13.     On November 3, 2008, the patentees timely filed a Request for Reconsideration of Patent Term Adjustment under 37 C.F.R. § 1.705(d) (hereinafter "the Request for Reconsideration") for the '999 patent, requesting that it be granted a corrected patent term adjustment of 291 days (or, in the alternative, a minimum patent term adjustment of 60 days) based on the patentee's calculation of delay under 35 U.S.C. § 1.54(b)(1)(A) and (B).[1] The Request for Reconsideration has not been granted and is still pending before the PTO. A copy of the Request for Reconsideration is attached herewith as Exhibit B.

14.     Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5 shall apply to such action."

---

[1] The Request for Reconsideration erroneously referred to 292 days (*see* Ex. B at 2). The Statement Under 37 CFR §1.705(d) setting forth the grounds for Request for Reconsideration correctly stated the requested patent term adjustment as 291 days.

844312-1                                         - 3 -

15. This action against the Director is timely filed within the 180 day period after grant of the patent, under 35 U.S.C. § 1.54(b)(4)(A).

## CLAIM FOR RELIEF

16. The allegations of paragraphs 1-15 are incorporated in this claim for relief as if fully set forth.

17. The patent term adjustment for the '999 patent, as determined by the Director under 35 U.S.C. § 154(B) and listed on the face of the '999 patent, is 24 days (*See* Ex. A at 1).

18. The Director's determination of the 24-day patent term adjustment is in error because the PTO did not properly calculate and allow an adjustment for the delay in issuance of the '999 patent beyond three years after the actual filing date of the application for the patent. As stated in the "Statement Under 37 CFR §1.705(d)" accompanying the Request for Reconsideration, the correct patent term adjustment for the '999 patent is 291 days (or, in the alternative, a minimum patent term adjustment of 60 days) (*See* Ex. B at 5).

19. The '626 application was filed under 35 U.S.C §371 as a "national stage" application of International PCT Application No. PCT/US03/18202, which was filed originally on June 9, 2003. The national stage commenced on December 10, 2004, when the applicants filed a copy of the International PCT application, together with the national fee, with the United States Designated/Elected Office for submissions under 35 U.S.C §371. Additional documents to fulfill the requirements of 35 U.S.C §371 were filed on July 28, 2005. The national stage application was ultimately allowed by the PTO, and the '999 patent was issued on September 2, 2008.

- 5 -

20. The plaintiff is entitled to an adjustment of the term of the '999 patent under 35 U.S.C. § 154(b)(1)(A) in the amount of 77 days, which is the number of days attributable to PTO examination delay during prosecution of the '626 application ("A Delay").

21. The plaintiff is also entitled to an additional adjustment of the term of the '999 patent under 35 U.S.C. § 154(b)(1)(B) in the amount of 267 days, which is the number of days the issuance of the '999 patent was delayed beyond three years after the date on which the national stage of the '626 application commenced ("B Delay"). (Alternatively, even if the national state is considered to have commenced when all documents to fulfill the requirements of 35 U.S.C §371 were filed (i.e., July 28, 2005), the plaintiff is entitled to a minimum period of B delay in the amount of 36 days.)

22. Section 35 U.S.C. § 154(b)(2)(A) states that "[t]o the extent that periods of delay attributable to grounds specified in paragraph [154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed." For the '999 patent, the period of A Delay ended on September 28, 2006, prior to the first day of the period of B Delay. Accordingly, Plaintiff submits that the A and B period of delay for the '999 patent are not overlapping.

23. The total period of PTO delay was 344 days, which is the sum of the A Delay (77 days) and the period of B Delay (267 days). (Alternatively, even if the minimum period of B Delay (36 days) is employed, the total period of PTO delay is 113 days.)

24. The '999 patent is not subject to a disclaimer of term. Therefore, the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

25. The total period of PTO delay is reduced under 35 U.S.C. § 154(b)(2)(C) by the period of applicant delay, which the Director calculated for the '999 patent as 53 days.

- 6 -

26.     Accordingly, the correct patent term adjustment to which the plaintiff is entitled under 35 U.S.C. § 154(b)(1) and (2) is <u>291</u> days, which is the period of PTO delay (77 days + 267 days = 344 days), less the period attributable to applicant delay (344 days - 53 days = 291 days). (Alternatively, even if the minimum period of B Delay (36 days) is employed, then plaintiff is entitled to a period of patent term adjustment of 60 days, which is the difference between the period of PTO delay (77 days + 36 days=113 days), and the period attributable to applicant delay (113 days -53 days = 60 days).)

27.     The Director erred in the determination of patent term adjustment for the '999 patent by erroneously treating the entire period of B Delay as overlapping with the A Delay, and crediting only the A delay of 77 days, instead of correctly crediting the sum of both the A and B delays. Thus, the Director incorrectly calculated a patent term adjustment for the '999 patent as <u>24</u> days (77 days – 53 days = 24 days). By this erroneous calculation, the Director has deprived the plaintiff of the full patent term adjustment to which it is entitled (calculated above as <u>291</u> days).

28.     In its opinion in *Wyeth v. Dudas*, Civ. Action No. 1:07-cv-01492-JR, this Court explained the proper construction and application of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment. *See*, Mem. Op. dated 20 September 2008, docket no. 27, reported as 88 U.S.P.Q.2d 1538. In accord with this Court's decision in *Wyeth*, the patent term adjustment for the '999 patent is properly determined to be 291 days, as set forth above.

29.     The Director's allowance of only 24 days of patent term adjustment for the '999 patent is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law and in excess of statutory jurisdiction, authority or limitation.

WHEREFORE, Plaintiff respectfully prays that this Court:

A.  Issue an Order changing the period of patent term adjustment for the '999 patent term from 24 days to 291 days, and requiring the Director to alter the term of the '999 patent to reflect the 291 day patent term adjustment.

B.  Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

                                                  Respectfully Submitted,

_____
Peter S. Reichertz
(D.C. Bar No. 229088)
Christopher M. Loveland
(D.C. Bar No. 473969)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1300 I Street, NW
Suite 1100 East
Washington, DC 20005
Phone: (202) 218-0000
Facsimile: (202) 218-0020

Dated: March 2, 2009           Counsel for Laboratoires Serono SA

Of Counsel
William A. Scofield, Jr.
LAHIVE & COCKFIELD LLP
One Post Office Square
Boston, MA 02109
Phone: (617) 994-0755
Facsimile: (617) 742-4214